1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID SIMON,                          No. 2:13-cv-2234-CMK-P

12               Petitioner,

13        vs.                              <u>ORDER</u>

14   SOLANO COUNTY,

15               Respondent.

16   _____/

17               Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not filed a *complete* application to

19   proceed in forma pauperis, along with a "certification from the warden or other appropriate

20   officer of the place of confinement showing the amount of money or securities that the petitioner

21   has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing

22   Section 2254 Cases, or paid the required filing fee.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).

23   Petitioner will be provided the opportunity to submit either a completed application to proceed in

24   forma pauperis, with the required certification, or pay the appropriate filing fee.  As to the

25   certification requirement, while a copy of petitioner's prison trust account statement certified by

26   prison officials is not required to satisfy the requirement, such a statement will suffice.

                                             1

1    In addition, petitioner's petition is inadequate.  "A petitioner for habeas corpus

2  relief must name the state officer having custody of him or her as the respondent to the petition."

3  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Rule 2(a),

4  Federal Rules Governing Section 2254 Cases.  Because petitioner has not named the appropriate

5  state officer, petitioner will be provided leave to amend to correct this technical defect by naming

6  the correct respondent.  See Stanley, 21 F.3d at 360.

7    Petitioner is warned that failure to comply with this order may result in the

8  dismissal of this action for lack of prosecution and failure to comply with court rules and orders.

9  See Local Rule 110.

10    Finally, petitioner seeks the appointment of counsel (Doc. 3).  There currently

11  exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner,

12  105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of

13  counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R.

14  Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice

15  would be served by the appointment of counsel at the present time.

16    Accordingly, IT IS HEREBY ORDERED that:

17    1.    Petitioner's incomplete application to proceed in forma pauperis (Doc. 2)

18  is denied;

19    2.    Petitioner shall submit on the form provided by the Clerk of the Court,

20  within 30 days from the date of this order, a complete application for leave to proceed in forma

21  pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee;

22    3.    Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with

23  leave to amend;

24    4.    Petitioner shall file an amended petition on the form employed by this

25  court, and which names the proper respondent and states all claims and requests for relief, within

26  30 days of the date of this order;

1        5.     The Clerk of the Court is directed to send petitioner a new form

2  Application to Proceed In Forma Pauperis By a Prisoner and the court's form habeas corpus

3  application; and

4        6.     Petitioner's motion for appointment of counsel (Doc. 3) is denied without

5  prejudice to renewal, at the earliest, after a response to the petition has been filed.

6

7  DATED:  April 14, 2014

8

9                           **CRAIG M. KELLISON**
                           UNITED STATES MAGISTRATE JUDGE

3