IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID SIMON,                                          No. 2:13-cv-2234-WBS-CMK-P

       Petitioner,

  vs.                                                               <u>ORDER</u>

STU SHERMAN,

       Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 25), petitioner's opposition (Doc. 27), and respondent's reply (Doc. 28). Petitioner also filed objections to the respondent's reply (Doc. 29). Such a pleading is not contemplated by the Federal Rules of Civil Procedure. However, as petitioner filed his objections prior to the court's review of the motion to dismiss, the court has reviewed them.

       **I.**     **BACKGROUND**

       Petitioner is challenging his 2011 conviction out of the Solano County Superior Court. His conviction was affirmed by the California Court of Appeal in 2013, and the California Supreme Court denied review on June 19, 2013. Petitioner did not file a state habeas

1

petition for the state courts to collaterally review petitioner's claims. The current federal petition for writ of habeas corpus was filed on December 9, 2014, but providing petitioner the benefit of the mailbox rule, the petition was constructively filed the date it was signed, November 13, 2014. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition).

## II.     MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss Petitioner's habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d). Petitioner asserts that he is entitled to equitable tolling.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual

predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is

properly filed). A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 2011conviction. Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction in March 2013. The California Supreme Court denied review on June 19, 2013. No petition for certiorari was filed and no post conviction petition for writ of habeas corpus was filed. The statute of limitations therefore commenced after the 90 day period of time for filing a petition for writ of certiorari, or September 18, 2013. The statute of limitations expired one year later, on September 17, 2014. The petition petitioner constructively filed in this court on November 13, 2014, is therefore untimely, and barred by the statute of limitations, unless he is entitled to equitable tolling as he contends.

The Supreme Court has determined the statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable tolling principles.  See Holland v. Florida, 560 U.S. 631, 645 (2010).  To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner states in his opposition that he is entitled to equitable tolling, but fails to articulate sufficient reasons therefor.  He simply states that the "court should consider granting equitable tolling when petitioner is proceeding in pro se, has little education in just how to file legal documentation due to not being a lawyer and petitioner is somewhat illiterate unable to read/and/or write." (Opp., Doc. 27 at 1-2).  He also indicates that his claim is a novel claim which should be taken into consideration, that he is actually innocent, and was diligent in trying to get his petition filed timely.  All of his statements, however, are conclusory and provide the court with no facts to support his claim.  Simply stating he has been diligent and that he has limited legal knowledge is insufficient to demonstrate extraordinary circumstances prevented petitioner from filing on time.  Most prisoners lack legal training; a good majority of prisoners lack any type of higher education.  However, all prisoners are held to the same time constraints.  Lack of legal knowledge, having limited education, and being "somewhat" illiterate are not conditions so extraordinary which would prevent a prisoner from filing his habeas petition on time.  As to diligence, which is also required, petitioner simply states he was diligent.  He does not, however, set forth with any particularity what he did to attempt to file a timely petition, nor does he explain why it was not possible for him to do so.  Such a lack of explanation is insufficient to meet the standards required to qualify for equitable tolling.

**III.   CONCLUSION**

The undersigned finds the petitioner's federal habeas petition was filed beyond the statute of limitations, and petitioner is not entitled to equitable tolling.

/ / /

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 25) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE